UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23402-CIV-HUCK/O'SULLIVAN

DUNKIN' DONUTS FRANCHISED
RESTAURANTS LLC, et al.

     Plaintiffs,

v.

COFFEE AND ..., INC., et al.,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Plaintiffs' Motion to Enforce Order Approving Settlement Agreement (DE # 13, 2/15/10) and the Plaintiffs' Supplement to Motion to Enforce Order Approving Settlement Agreement (DE# 18, 3/17/11). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 16, 2/16/11). Having reviewed the applicable filings and law, and having received no response from the defendant despite a Court order to do so, the undersigned respectfully **RECOMMENDS** that the Plaintiffs' Motion to Enforce Order Approving Settlement Agreement (DE # 13, 2/15/10) be GRANTED.

## DISCUSSION

In their motion, the plaintiffs seek an order requiring the defendants to comply with the Preliminary Injunction as it relates to PC 334694 and the post-termination obligations set forth in the Franchise Agreement and, if they fail to do so, the plaintiffs

seek an order to show cause why the plaintiffs should not be held in contempt. Additionally, the plaintiffs request that the Court establish a procedure for subsequent submission of evidence supporting the amounts owed by the defendants to the plaintiffs as of the date of compliance with the Preliminary Injunction and stipulated to in the Settlement Agreement.  The plaintiffs also ask the Court to retain jurisdiction to enter the final judgment provided for in paragraph 6 of the Settlement Agreement and any additional relief that this Court deems just and proper.  Motion p. 4.

     The plaintiffs filed their motion on February 16, 2011.   The response was due February 28, 2011. Having received no response from the defendants as required by Local Rule 7.1(C) of this Court, the undersigned issued an Order (DE# 17, 3/14/11) requiring the defendants to file their response by March 28, 2011.  The Order warned that "failure to file a response may result in a recommendation that the Plaintiffs' Motion to Enforce Order Approving Settlement Agreement (DE# 13, 2/15/[11]) be granted in its entirety."  (DE# 17, 3/14/11)  In contravention of Local Rule 7.1(C) and this Court's Order, the defendants failed to file a response.  The defendants failure to do so should be deemed sufficient cause for granting the plaintiffs' motion by default pursuant Local Rule 7.1(C) of this Court.

     Additionally, the plaintiffs are entitled to the relief requested.  The parties entered a Settlement Agreement, which was approved by this Court.  The plaintiffs submitted affidavits in support of their motion, which describe the defendants' non-compliance with the Settlement Agreement.  The defendants did not close the sale of the North Miami Beach shop (PC 334694) by the end of business on January 31, 2011, and did not extend the closing deadline as provided in the Settlement Agreement.  Watson

Declaration ¶ 6 (DE# 14, 2/15/11).  The defendants continued to operate the North Miami Beach shop through at least February 7, 2011, in violation of the preliminary injunction and the Settlement Agreement.  Lansberry Declaration ¶¶ 2-3 (DE# 15, 2/15/11).  In its supplement, the plaintiffs complain that the defendants have stopped paying any obligations owed to plaintiffs as required by the Settlement Agreement.  Zullig Declaration ¶¶ 17-19 (DE# 19, 3/17/11).

The plaintiffs have shown that they are entitled to the requested relief for the defendants' failure to comply with the Settlement Agreement.  Thus, the plaintiffs' motion should be granted.

## CONCLUSION

Based on the foregoing Report and Recommendation, the undersigned respectfully recommends that the Plaintiffs' Motion to Enforce Order Approving Settlement Agreement (DE # 13, 2/15/10) be **GRANTED**.  The undersigned further respectfully recommends that the Court enter an order requiring the defendants to comply with the Settlement Agreement, the Preliminary Injunction as it relates to PC 334694 and the post-termination obligations set forth in the Franchise Agreement.  The undersigned further recommends that, if the defendants fail to do so, that the Court enter an order to show cause why the plaintiffs should not be held in contempt.  The undersigned further recommends that the Court allow the plaintiff to submit an affidavit(s) to support the amounts owed by the defendants to the plaintiffs as of the date of compliance with the Preliminary Injunction and stipulated to in the Settlement Agreement.  Finally, the undersigned recommends that the Court retain jurisdiction to

enter the final judgment provided for in paragraph 6 of the Settlement Agreement and to provide any additional relief that this Court deems just and proper.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Judge Huck**, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida this 30th day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record